IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 08-79-SLR |
| | ) |
| DONOVAN ANTHONY LIVINGSTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September, 2009, having reviewed the papers submitted by the parties in connection with various issues raised in the above captioned case, wherein the defendant has been charged with illegal reentry following removal subsequent to conviction for an aggravated felony;

IT IS ORDERED that said issues are resolved as follows:

1. **Derivative citizenship.** Defendant claims[1] that the case should be dismissed because he is a citizen by virtue of 8 U.S.C. § 1432. In this regard, there is no dispute that defendant was born in Jamaica on April 21, 1961. He immigrated to this country with his mother and siblings in September 1976 and was considered a resident alien. His mother became a naturalized citizen on December 17, 1979, when defendant was 18 years and four+ months old. Under the statute upon which defendant relies,

> [a] child born outside of the United States of alien parents
> . . . , becomes a citizen of the United States upon

---

[1]Defendant, not his counsel, has raised this issue with the court.

> fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; **and if**
>
> **(4) Such naturalization takes place while such child is under the age of eighteen years;** and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized . . . , or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (emphasis added). Although the above statute was repealed by Act of Congress on October 30, 2000, it was the law applicable at the time the critical events giving rise to the claim of derivative citizenship occurred and, therefore, is the law that governs defendant's claim. *See Morgan v. Attorney General of the United States*, 432 F.3d 226, 230 (3d Cir. 2005). According to the Third Circuit, "[t]he relevant times are the date of the child's birth, the time of the child's entry into the United States, and the date of the parent's naturalization." *Id.*

  2. Because the issue of derivative citizenship has been characterized by the Third Circuit as "a purely legal issue of statutory interpretation," *id.* at 229, I considered the issue prior to trial. Moreover, there is no genuine issue of material fact with respect to defendant's claim, to wit: The statute clearly is intended to help children. Defendant

2

was an adult, over the age of eighteen, when his mother became a naturalized citizen. Therefore, the statute is not applicable and he cannot succeed in claiming derivative citizenship on the facts of record.

3. **Due process.** Defendant claims that the instant charges must be dismissed because his initial deportation was based on constitutionally defective proceedings. I agree with defendant that a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted when the deportation hearing violated due process. See, e.g., United States v. Mendoza-Lopez, 481 U.S. 828, 839-840 (1987). Nonetheless, because I find that defendant was provided with constitutionally adequate due process, defendant's motion to dismiss the indictment is denied.

4. More specifically, although defendant was present in this country legally as a resident alien, resident aliens are nonetheless deportable if they commit certain felonies. By August 1994, defendant had been convicted of at least the following crimes: Carrying a concealed deadly instrument, shoplifting, forgery, robbery 1st, robbery 2nd, receiving stolen property, and violation of probation. Deportation proceedings were commenced. An order to show cause and notice of hearing was issued by the Immigration and Naturalization Service on or about August 1, 1994, and a "warrant for arrest of alien" issued that same day. On October 17, 1994, defendant was personally served with the order to show cause and a $15,000 bond was imposed. Defendant requested a redetermination of the custody decision by the immigration judge and hired a lawyer to represent him in the bond redetermination proceeding.

5. Defendant's deportation hearing was scheduled to take place on June 15,

3

1995. Notice of the hearing was sent only to defendant's lawyer. On June 14, 1995, defendant's lawyer filed a motion to withdraw as counsel, asserting that defendant had not responded to her correspondence regarding continued representation. Counsel sent copies of the motion to withdraw only to the government, not to defendant. On the same day as the hearing, June 15, the immigration judge granted the motion to withdraw. Defendant did not appear at the June 15, 1995 hearing. At the request of the government, defendant was tried "in absentia" and, based on the finding that defendant had made no application for relief from deportation, the judge ordered that defendant be deported. A warrant of deportation issued that same day. A copy of the decision was mailed to defendant at a Wilmington, Delaware address.

6. Based on the above, I noted at the pretrial conference that defendant certainly had notice of the deportation proceedings generally and of the decision after-the-fact, even if he did not have notice of the hearing itself. Moreover, based on a further review of defendant's immigration file,[2] he (through new counsel) filed a motion for stay of deportation pending disposition of his motion to reopen and to rescind the deportation order entered in absentia. The ground for the above motions was defendant's lack of adequate notice of the June 15, 1995 deportation hearing.

7. On November 1, 1995, before the motions had been addressed by the immigration judge and for reasons not made clear from the record, defendant filed a motion for execution of the June 15, 1995 deportation order, stating (through counsel) that his rights in deportation proceedings had been fully explained to him, that he

---

[2]The court ordered the government to provide a complete copy of defendant's immigration file.

understood that he was voluntarily waiving any right to examine the evidence against him or to present evidence on his own behalf, that he conceded that he was deportable, and that he waived any rights he may have had to apply for relief from deportation. By order entered November 2, 1995, the immigration judge granted the motion and defendant, thereafter, was deported. I, therefore, conclude that, even had defendant's due process rights been violated by inadequate notice given of the June 15, 1995 hearing, defendant had a full and fair opportunity to contest his deportation and, ultimately, waived that opportunity. For these reasons, the motion to dismiss is denied.

8. **Statute of limitations.** Defendant has raised a statute of limitations defense. The government has argued that the statute of limitations is a matter for the court, not the jury. Although such a defense may be raised more routinely by motion (and, therefore, decided by the court), rather than on the eve of trial (as it was in this case), the Third Circuit has recognized that the question of intent is one of fact. See United States v. Hart, 112 Fed. Appx. 855, 858 (3d Cir. 2004).[3] Given that most issues of fact are decided by the jury, and that the Third Circuit has provided jury instructions for the statute of limitations defense, I concluded that the issue would go to the jury to decide, and warned defendant that the defense may open the door to evidence that, otherwise,

---

[3] In order to determine whether a defendant has been a fugitive and, therefore, someone who may not employ the five-year statute of limitations, one must determine whether he fled from justice with the intention of avoiding being prosecuted. See id. (citing Streep v. United States, 160 U.S. 128, 133 (1895)).

may not have been relevant.

*/s/ Sue L. Robinson*
United States District Judge