IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 08-79-SLR |
| | ) |
| DONOVAN ANTHONY LIVINGSTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September 2009, having heard argument and testimony and having reviewed further papers in connection with defendant's claim to derivative citizenship;

IT IS ORDERED that trial in the above captioned matter shall proceed, as I conclude that defendant's claim to derivative citizenship is not supported by the law or the facts, as explained more fully below.

1. As I understand his argument, defendant contends that 8 U.S.C. § 1431, in effect in 1952, is the source of his claim to derivative citizenship, which version reads as follows:

> (a) A child born outside of the United States, one of whose parents at the time of the child's birth was an alien and the other of whose parents then was and never thereafter ceased to be a citizen of the United States, shall, if such alien parent is naturalized, become a citizen of the United States, when -
>  (1) such naturalization takes place while such child is under the age of sixteen years; and
>  (2) such child is residing in the Unites States pursuant to a

> lawful admission for permanent residence at the time of naturalization or thereafter and begins to reside permanently in the United States while under the age of sixteen years.

8 U.S.C. § 1431(a) (June 27, 1952, ch. 477, title III, ch. 2, § 320, 66 Stat. 245).[1]

Because defendant's mother and stepfather did not marry until 1969 when defendant was eight years old (i.e., they were not his **parents** "at the time of the child's birth"), and because defendant was over the age of sixteen when his mother was naturalized, the above version of § 1431 is not helpful to defendant's cause.

    2. The above version of § 1431 was amended October 5, 1978, in order to substitute "eighteen years" for "sixteen years," as follows:

> (a) A child born outside of the United States, one of whose parents at the time of the child's birth was an alien and the other of whose parents then was and never thereafter ceased to be a citizen of the United States, shall, if such alien parent is naturalized, become a citizen of the United States, when -
>  (1) such naturalization takes place while such child is under the age of eighteen years; and
>  (2) such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization or thereafter and begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1431 (a) (Oct. 5, 1978, P. L. 95-417, § 4, 92 Stat. 917). Again, the statutory language requires that the status of defendant's "parents" be determined at the time of his birth; because his mother (an alien at the time of his birth) did not marry his stepfather (a citizen) until defendant was eight years old, and defendant was more than eighteen years old when his mother was naturalized, this statute is inapplicable without further analysis.

---

[1] Subsection (b) of § 1431 deals with adopted children and, therefore, has no relevance to the issue at bar, as defendant's stepfather never adopted him.

    3. The statute was revised effective February 28, 2001 to provide:

> (a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>   (1) At least one parent of the child is a citizen of the United States, whether by birth or by naturalization.
>   (2) The child is under the age of eighteen years.
>   (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431 (a) (Oct. 30, 2000, P.L. 106-395, Title I, § 101(a), 114 Stat. 1631). The above statute, however, cannot apply retroactively to defendant, who was more than eighteen years old on the effective date. *See Morgan v. Attorney General of the United States,* 432 F.3d 226, 230 n.1 (3d Cir. 2005).

    4. Without addressing the language of the statute highlighted above, defendant argues that the definition of "child" found in 8 U.S.C. § 101(c) is dispositive of the issue. Under § 101(c), the term "child" includes a child who has been **legitimated** under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, if such legitimation takes place before the child reaches the age of eighteen and the child is in the legal custody of the legitimating parent at the time of such legitimation.

    5. The problem with defendant's argument is that the only authorities I have found on the issue limit the nature of "legitimation" to natural children. To put the point another way, the authorities suggest (and there are none that suggest otherwise) that only a natural parent can legitimate a child. To quote some of the materials provided by defendant: "Unlike the immigration laws, the naturalization laws have never given any special benefits to stepchildren, and a stepchild thus never has acquired derivative

3

citizenship directly thought his stepparent" (2009 Matthew Bender & Company, Inc., explaining "Relationship Between Parent and Child" at 3); "The purported legitimation of a child by a citizen's acknowledgment of the child and marriage to the mother does not result in the bestowal of citizenship upon the child if the natural relation of parent and child does not exist between the acknowledging citizen and the child" ("INA:ACT 309 - Children Born Out of Wedlock" at 2). These "authorities" find support in the case law: *Mejia v. Department of Homeland Security*, 2007 WL 4440407 (D.N.J. Dec. 17, 2007) *2 ("The operative definition of 'child' includes only certain legitimated **natural** children and certain adopted children.") (emphasis added); *Matter of Andres Guzman-Gomez*, 2009 WL 1270432 (BIA May 8, 2009) (explaining that the legislative history of § 101(c) indicates that Congress considered, and rejected, including stepchildren within the definition of "child").

6. In sum, having reviewed the papers, I conclude that there are no material issues of fact and that, as a matter of law, defendant is not entitled to claim derivative citizenship through his relationship with his stepfather pursuant to 8 U.S.C. § 1431. Having already determined that he is not entitled to derivative citizenship through his relationship with his mother pursuant to 8 U.S.C. § 1432, I will not entertain any further evidence or argument on the issue of derivative citizenship, and it shall not be presented to the jury. It, of course, is reserved as an issue for appeal.

United States District Judge